## CLASS ACTION SETTLEMENT AGREEMENT

1. Subject to approval by the United States District Court for the Northern District of Ohio, Eastern Division, Hon. Benita Y. Pearson, U.S. District Judge, presiding ("the Court") in the civil action entitled *Michael Bainbridge v. Medline Industries, Inc.,* N.D. Ohio Case No. 5:16-cv-00555 (the "Action" or "the Litigation"), this Class Action Settlement Agreement ("Settlement Agreement") is entered into by and between Plaintiff Michael Bainbridge ("Representative Plaintiff" or "Class Representative"), on behalf of himself and on behalf of the Class as defined herein, and Defendant Medline Industries, Inc. ("Medline" or "Defendant").

2. The Representative Plaintiff, the Class, and Defendant are collectively referred to as "the Parties."

3. "Plaintiffs' Counsel" or "Class Counsel" is Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC. "Defendant's Counsel" are Edmond J. Mack, Lee E. Plakas, and Gary A. Corroto of Tzangas, Plakas, Mannos, Ltd.

4. The "Class" means the class of persons consisting of a total of approximately 3,566 current and former hourly employees of Defendant who received a wellness program cash payment, and who worked more than forty hours in one or more workweeks, during which they received such payment from March 10, 2014 and March 6, 2016 (a list of the names of all such persons is attached hereto as Exhibit A.

5. "Plaintiffs" shall mean the Representative Plaintiff and the Class collectively. "Class Members" means all of the Plaintiffs, excluding the Representative Plaintiff.

6. The "Calculation Period" for Representative Plaintiff and the Class shall mean the period between March 10, 2014 and March 6, 2016.

7. On March 7, 2016, Representative Plaintiff Michael Bainbridge filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03.

8. Between May and August 2016, the Parties engaged in informal yet comprehensive discovery regarding the Plaintiffs' claims and the Defendant's defenses to such claims.

9. Between July and August 2016, the Parties engaged in settlement negotiations, and ultimately reached an agreement on August 19, 2016 to settle the Action on the terms set forth in this Settlement Agreement.

10. It is the desire of the Parties to fully, finally, and forever settle, compromise, and discharge all Released Claims for the Release Period.

11. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release of the Released Claims, which release includes in its effect all present and former parent companies, subsidiaries, related entities, officers, directors, employees, agents, representatives, attorneys, insurers, affiliates, successors, and assigns of Defendant.

12. Class Counsel has conducted a thorough investigation into the facts of the Litigation and has diligently pursued an investigation of the Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that the settlement with Defendant is fair, reasonable, adequate, and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risks of significant delay and defenses asserted by Defendant.

13. The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement Agreement, to effectuate all aspects of this Settlement Agreement, and to dismiss the Litigation with prejudice upon final approval. Specifically, the Parties will file with the Court by September 23, 2016 a Joint Motion for Preliminary Approval of the Settlement Agreement. Provided the Court grants preliminary approval of the Settlement Agreement, the Parties agree to send notices to the Class Members regarding the settlement as provided herein.

14. The total payment under this Settlement Agreement, including but not limited to all payments to Class Members, the Representative Plaintiff, Class Counsels' attorneys' fees and costs, and a Service Award to Representative Plaintiff, in recognition of his services in this Action and in exchange for his execution of a general Settlement and Release Agreement, is One Hundred Sixty-Five Thousand Dollars ($165,000.00) (the "Settlement Payment"). Defendant will issue to all Plaintiffs receiving settlement funds an IRS Form W-2 for all amounts paid as wages under this settlement, making all deductions and withholdings required under law including the employees' share of all applicable payroll taxes.

## CERTIFICATION OF CLASS FOR SETTLEMENT PURPOSES ONLY

15. The Parties agree and consent to the certification of the Class for settlement purposes only. Any certification pursuant to this paragraph shall not constitute in this or any other proceeding an admission by Defendant of any kind or a determination that certification of a class for trial purposes is appropriate or proper. In the event the Court does not grant final approval of the Settlement Agreement, the certification of the Class shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action are satisfied, and Defendant expressly reserves all rights to challenge certification of a class for trial purposes in this or any other action on all available grounds as if no Class had been certified in this action.

## SETTLEMENT APPROVAL PROCEDURE

16. This Agreement will become final and effective upon occurrence of <u>all</u> of the following events:

    a) Execution of this Settlement Agreement, and of the general Settlement and Release Agreement attached as Exhibit B, by the Representative Plaintiff, Class Counsel, Defendant, and Defendant's Counsel.

    b) Submission to the Court of a Joint Motion for Preliminary Approval of the Settlement Agreement.

    c) Entry of an Order by the Court, proposed by the Parties and attached as Exhibit C, granting preliminary approval of the Settlement Agreement, and approving the form, content, and method of distribution of the proposed notice to Class Members, attached as Exhibit D, of the pendency of this class action, the proposed settlement, and the date of the Fairness Hearing ("Class Notice") proposed by the Plaintiffs.

    d) Distribution of the Class Notice in the form and manner approved by the Court.

    e) Filing with the Court, prior to the Fairness Hearing, of a Declaration verifying that the Class Notice was distributed to the Class Members in the form and manner approved by the Court.

    f) Convening of the Fairness Hearing.

    g) Entry of a Final Order and Judgment Entry by the Court, proposed by the Parties and attached as Exhibit E, granting final approval of the Settlement Agreement, approving the proposed distributions, and dismissing this Action with prejudice.

    h) Occurrence of the "Effective Date," which is defined as the date on which the Court's Final Order and Judgment Entry, granting final approval of the Settlement Agreement, approving the proposed distributions, releasing claims of the Representative Plaintiff, and all Class Members, and dismissing this Action with prejudice is no longer appealable (that being the thirty-first day after service of notice of entry of judgment or, if an appeal has been filed, the date on which the Parties have received actual notice that the Settlement Agreement has received final approval after the completion of the appellate process).

    i) The Court retaining jurisdiction over this Action for the purpose of enforcing the terms of the Settlement Agreement.

**SETTLEMENT PAYMENT AND CALCULATION OF INDIVIDUAL PAYMENTS**

17. In consideration of the mutual covenants and promises set forth herein, the Parties agree, subject to the Court's approval, as follows:

   a) Defendant will issue the Settlement Payment directly to Representative Plaintiff, the Class, and Class Counsel in one installment equaling One Hundred Sixty-Five Thousand Dollars ($165,000.00) within three (3) days after the Effective Date.

   b) The Settlement Payment, after deduction of the Service Award to the Representative Plaintiff in the amount of Two Thousand Five Hundred Dollars ($2,500.00), attorneys' fees in the amount of Fifty-Five Thousand Dollars ($55,000.00), which is one-third (1/3) of the Settlement Amount, and expense reimbursements to Class Counsel, shall be divided into "Individual Payments," described below, for which the Representative Plaintiff and Class Members shall be eligible. The Individual Payments shall be calculated proportionally on each Class Member's overtime damages resulting from Defendant's failure to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment, during the Calculation Period.

   c) The Individual Payments shall be agreed to by Class Counsel and counsel for Defendant, and a proposed Estimated Schedule of Individual Payments shall be submitted to the Court for approval prior to the Fairness Hearing.

**NOTICE TO THE SETTLEMENT CLASS**

18. Within five (5) days after the entry of an order granting preliminary approval of the Settlement Agreement and approving the proposed form and method of distribution of the Class Notice, Defendant will provide to Class Counsel an Excel spreadsheet containing the names and last known addresses and email addresses of all Class Members, according to records maintained by Defendant. Defendant agrees to provide this spreadsheet in a format reasonably acceptable to Class Counsel.

19. The Class Notice, in the form proposed by the parties and approved by the Court, shall be sent by Class Counsel to the Class Members by first class mail within fourteen (14) days after the entry of an order granting preliminary approval of the Settlement Agreement.

**OPT-OUT, OBJECTION AND OVERTIME ELECTION PROCESS**

20. Class Members may opt-out of the settlement by mailing a request for exclusion to Class Counsel by the deadline established by the Court. Persons who are eligible to and do submit valid and timely requests for exclusion will not participate in the settlement, will not

receive any settlement payment, and will not be bound by the terms of the Settlement Agreement, if it is approved, or by the Final Order and Judgment Entry in this Action.

21. Class Members may make objections to this settlement by submitting objections to this Settlement Agreement by the deadline established by the Court. Objections must be in writing, and must include a description of the basis of the objection. The objection must set forth the full name, current address, and telephone number of the Class Member. Any Class Member who does not serve timely written objections to the settlement shall not be permitted to present his or her objections to the settlement at the Final Approval Hearing and shall be foreclosed from seeking review of the settlement by appeal or otherwise.

## SCHEDULE OF DISTRIBUTIONS

22. On the Installment Date, Defendant will mail the Individual Payments to the Representative Plaintiff and the Class Members, according to the Individual Payment Process described below. Upon the expiration of eight (8) months after the Effective Date, the amount representing Individual Payments that have not been cashed or were unable to be delivered will be distributed to the State of Ohio Unclaimed Funds.

23. On the Installment Date, Defendant will mail to the Representative Plaintiff the Service Award approved by the Court in recognition of his service in this Action in the amount of Two Thousand Five Hundred Dollars ($2,500.00). Defendant will issue a Form 1099-Misc. to the Representative Plaintiff with respect to his Service Award.

24. On the Installment Date, Defendant will distribute attorneys' fees to Class Counsel in the total amount of Fifty-Five Thousand Dollars ($55,000.00), divided in two (2) checks as follows: (1) One check to The Lazzaro Law Firm in the amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00); and (2) One check to Nilges Draher, LLC in the amount of Twenty-Seven Thousand Five Hundred Dollars ($27,500.00). Additionally, on the installment date, Defendant will distribute reimbursement of litigation expenses to both The Lazzaro Law Firm, LLC and Nilges Draher, LLC in the amounts submitted to the Court and approved in the Court's Final Order and Judgment Entry, sums which will be deducted from, and will not be in addition to, the total Settlement Payment. Defendant will issue a Form 1099-Misc. to each The Lazzaro Law Firm, LLC and Nilges Draher, LLC to with respect to the attorneys' fees and expenses payable to each firm.

## INDIVIDUAL PAYMENT PROCESS

25. All Individual Payments shall remain negotiable for a 90-day period after the date of the initial distribution. The face of each check sent to Class Members shall clearly state that the check must be cashed within ninety (90) days of its date of issuance. Individual Payments that have not been cashed within this time frame will become non-negotiable and void. For all Individual Payments that remain unpaid after the 90-day void period, Defendant will perform one LexisNexis credit-header search or other comparable search to obtain an updated address and phone number and will attempt to contact the Class Member at the updated address and telephone number, if one is available. If Defendant is able to contact the Class Member, an

Individual Payment with a 90-day void period (from the date the updated address and phone number search begins) will be reissued to the Class Member's current address.

26. Whenever Defendant obtains a new address (from Defendant's searches, Class Counsel, or otherwise), the Defendant shall re-mail the Individual Payment using the most current address information then available. Additional mailings shall terminate when the efforts required by this Settlement Agreement to find correct addresses have been exhausted, or upon the expiration of eight months after the Effective Date, whichever occurs earlier.

27. At monthly intervals, Defendant shall provide to Class Counsel a spreadsheet listing the names, addresses as originally provided, and most current contact information for all individuals whose Individual Payments have not been cashed.

## RELEASES AND RELEASED CLAIMS

28. Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, the Representative Plaintiff and all Class Members who did not submit timely and effective requests for exclusion fully release and discharge Defendant and all present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all Released Claims as hereafter defined. The "Released Claims" shall consist of all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action (1) asserted in Plaintiff's Amended Complaint and (2) any other claims regarding the alleged failure to include all remuneration paid to employees in their regular rate of pay for purposes of calculating their overtime compensation, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act through the Release Period.

29. The payment of attorneys' fees and expenses to Class Counsel in paragraph 24 includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement, securing Court approval of the Settlement, and obtaining a dismissal of the Action. In consideration of these attorneys' fees and expenses, Class Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action. If any Class Member chooses to be represented by his or her own lawyer in this Action, they must hire one at their own expense. The Parties agree that no other firms performed work on the case, or assumed responsibility for representation of Representative Plaintiff and the Class. The Parties further agree that no other firms will be proposed as Class Counsel, or share in the recovery of attorneys' fees provided in paragraph 24.

30. The "Released Period" for Plaintiff and the Class shall mean the period between March 7, 2013 and the date the District Court enters final approval.

## DUTIES OF THE PARTIES BEFORE COURT APPROVAL

31. The Parties shall promptly commence the following steps to seek court approval of this Settlement Agreement and the entry of a Final Order and Judgment Entry thereon:

   a) The Parties will submit to the Court a Joint Motion for Approval of the Settlement Agreement. The motion will include requests for Court's approval of reasonable attorneys' fees and expense reimbursements to Class Counsel and the Service Award to the Representative Plaintiff in recognition of his service in this Action. Defendant will not oppose the motion and those requests, provided that the motion and requests are consistent with the terms and conditions of this Settlement Agreement.

   b) The Parties' motion will be accompanied by a proposed order granting preliminary approval of the Settlement Agreement, approving the form, content, and method of distribution of the Class Notice, and scheduling the date of the Fairness Hearing ("Preliminary Approval Order").

   c) In the event that the Preliminary Approval Order is entered, the Parties will cause the Class Notice to be distributed to the Class Members in the manner described above and approved by the Court.

   d) Prior to the Fairness Hearing, Class Counsel will file with the Court a Declaration verifying that the Class Notice was distributed to the Class Members in the manner described above and approved by the Court.

   e) Prior to the Fairness Hearing, the Parties will submit to the Court for approval the proposed Estimated Schedule of Individual Payments.

   f) Prior to the Fairness Hearing, the Parties will submit to the Court an updated version of the proposed Final Order and Judgment Entry granting final approval of the Settlement Agreement, approving the proposed distributions, releasing claims of the Representative Plaintiff and all Class Members, and dismissing this Action with prejudice.

## VOIDING THE SETTLEMENT AGREEMENT

32. If the Court does not approve this Settlement Agreement, the entire Settlement Agreement will be void and unenforceable and the litigation will proceed forward.

33. The Parties agree not to encourage Class Members to opt out of the settlement.

34. Defendant may withdraw from and void this Settlement Agreement if Twenty percent (20%) or more Class Members opt out of the settlement by submitting timely and valid requests for exclusion. Defendant must exercise this option by providing written notice to Class

Counsel and to the Court within seven (7) days after the deadline established by the Court for Class Members to mail requests for exclusion to Class Counsel.

35. To the extent this Settlement Agreement is determined to be void by the Court, or the Effective Date does not occur for any reason, or Defendant exercises its limited right to withdraw from and void this Settlement Agreement pursuant to paragraph 34, Defendant does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by the Class Representative in the Action upon all procedural and substantive grounds, including without limitation the ability to challenge class action treatment on any grounds and to assert any and all other potential defenses or privileges. The Class Representative and Class Counsel agree that Defendant retains and reserves these rights, and they agree not to take a position to the contrary. Specifically, the Class Representative and Class Counsel agree that, if the Action were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Settlement Agreement or any exhibit and attachment hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Settlement Agreement, Defendant should be barred from contesting class action certification, or from asserting any and all other potential defenses and privileges. This Settlement Agreement shall not be deemed an admission by, or ground for estoppel against Defendant that class action treatment pursuant to Federal Rule of Civil Procedure 23 or on any other basis is proper or cannot be contested on any other grounds. However, the parties expressly agree that the statute of limitations is tolled up to and including the date the Settlement Agreement is determined void by the Court, or the Effective Date does not occur for any reason, or Defendant exercises its limited right to withdraw from and void this Settlement Agreement pursuant to paragraph 34, whichever date is later in occurrence.

## PARTIES' AUTHORITY

36. The signatories represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties to its terms and conditions. The Representative Plaintiff represents that he is authorized to enter into this Settlement Agreement in both his individual and representative capacity.

## MUTUAL AND FULL COOPERATION

37. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Courts, or otherwise, to effectuate this Settlement Agreement. As soon as practicable after execution of this Settlement Agreement, Counsel of the parties shall take all necessary steps to secure the Courts' final approval of this Settlement Agreement.

## SEVERABILITY

38. If, after the occurrence of the Effective Date, any provision of this Agreement is for any reason held to be invalid or unenforceable, such provision shall not affect any other provision hereof, but this Agreement shall be construed as if such invalid and/or unenforceable provision had never been contained herein.

## NO ADMISSION OF LIABILITY

39. Each of the Parties has entered into this Settlement Agreement solely to resolve disputed claims based on disputed facts and allegations and to avoid the costs and risks of litigation. Neither the fact of this Settlement Agreement nor any of its parts, nor the consummation of this Settlement Agreement, shall be construed as an admission of wrongdoing, liability, culpability, and/or negligence on the part of Defendant or that any fact or allegation asserted by either Party was true.

## NOTICES

40. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Settlement Agreement shall be: (1) in writing; (2) deemed given on the third business day after mailing; and (3) sent via email, facsimile, or United States registered or certified mail, return receipt requested, addressed as follows:

To the Representative Plaintiff and/or the Class Members to both the following:

Anthony J. Lazzaro
Chastity L. Christy
Lori M. Griffin
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
chastity@lazzarolawfirm.com
anthony@lazzarolawfirm.com
lori@lazzarolawfirm.com

Hans A. Nilges
Shannon M. Draher
NILGES DRAHER LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
Telephone: 330-470-4428
Facsimile: 330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

To Defendant:

Lee E. Plakas
Gary A. Corroto
Tzangas, Plakas, Mannos, Ltd.
220 Market Avenue South, Eighth Floor
Canton, Ohio 44702
Telephone: 330-455-6112

Facsimile: 330-455-2108
emack@lawlion.com
gcorroto@lawlion.com

## CONSTRUCTION AND INTERPRETATION

41. The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, and arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any of the Parties by reason of their participation in the drafting of this Settlement Agreement.

42. Paragraph titles are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any of its provisions. Each term of this Settlement Agreement is contractual and not merely a recital.

43. This Settlement Agreement shall be subject to and governed by the laws of the State of Ohio.

## JURISDICTION

44. The Parties will request that the District Court retain jurisdiction to enforce the terms of the Settlement Agreement.

## MODIFICATION

45. This Settlement Agreement may not be changed, altered or modified, except in writing, signed by counsel for the Parties, and approved by the Court. This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by counsel for the Parties. Notwithstanding the foregoing sentences, without further Order of the Court, the Parties may agree in writing to extensions of time to carry out any of the provisions of this Settlement Agreement.

## INTEGRATION CLAUSE

46. With the exception of the Settlement and Release Agreement between Defendant and Michael Bainbridge, this Settlement Agreement contains the entire agreement between the Parties relating to any and all matters addressed in the Settlement Agreement (including settlement of the Litigation), and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, with respect to such matters are extinguished.

## BINDING ON ALL PARTIES

47. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## CLASS SIGNATORIES

48. It is agreed that it is impractical to have each Class Member execute this Settlement Agreement. The Class Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each Class Member executed this Settlement Agreement.

49. Each Individual Payment check will contain the following statement: "Payee releases Medline from all claims regarding the alleged failure to include all renumeration in the calculation of overtime," which the Parties agree adequately summarizes the releases contained in this Settlement Agreement. Class Members must sign the check in the space following the legend; provided, however, that the release of claims set forth on the check shall still be enforceable if any Class Member negotiates a check without a signature.

## COUNTERPARTS

50. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

*Michael Bainbridge* (Sep 21, 2016)  Date: Sep 21, 2016
MICHAEL BAINBRIDGE

*Anthony J. Lazzaro* (Sep 20, 2016)  Date: Sep 20, 2016
CLASS COUNSEL
ANTHONY J. LAZZARO

*Hans A. Nilges* (Sep 20, 2016)  Date: Sep 20, 2016
CLASS COUNSEL
HANS A. NILGES


_____  Date: _____
MEDLINE INDUSTRIES, INC

By:_____

Its:_____

48. It is agreed that it is impractical to have each Class Member execute this Settlement Agreement. The Class Notice will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if each Class Member executed this Settlement Agreement.

49. Each Individual Payment check will contain the following statement: "Payee releases Medline from all claims regarding the alleged failure to include all renumeration in the calculation of overtime," which the Parties agree adequately summarizes the releases contained in this Settlement Agreement. Class Members must sign the check in the space following the legend; provided, however, that the release of claims set forth on the check shall still be enforceable if any Class Member negotiates a check without a signature.

## COUNTERPARTS

50. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

IN WITNESS WHEREOF, the undersigned have duly executed this Agreement as of the date indicated below:

_____  Date: _____
MICHAEL BAINBRIDGE

_____  Date: _____
CLASS COUNSEL
ANTHONY J. LAZZARO

_____  Date: _____
CLASS COUNSEL
HANS A. NILGES

_____/s/_____  Date: 9-20-16
MEDLINE INDUSTRIES, INC
By: Alexh, Gunnar
Its: General Counsel

_____/s/_____  Date: 9/22/16
COUNSEL OF DEFENDANT

11