## GENERAL SETTLEMENT AND RELEASE AGREEMENT

THIS AGREEMENT (the "Release Agreement") is made by and between the Medline Industries, Inc. ("Medline") and Michael Bainbridge ("Bainbridge").

WHEREAS, Bainbridge filed an action in the United States District Court for the Northern District of Ohio, entitled *Michael Bainbridge v. Medline Industries, Inc.* Ohio Case No. 5:16-cv-00555, which was brought as a putative wage and hour collective and class action against Medline (the "Civil Action");

WHEREAS, Medline denied and continues to deny the allegations raised in the Civil Action; and

WHEREAS, Medline and Bainbridge mutually desire to resolve any and all disputes relating to her employment with Medline or the subject matter of the Civil Action.

NOW, THEREFORE, IT IS HEREBY AGREED, by and between Medline and Bainbridge (referred to together as the "Parties") as follows:

1.     <u>Mutual Release of Claims</u>.  Except as provided below, Bainbridge hereby fully waives, discharges, and releases any and all claims relating to or arising out of his employment with Medline, of whatever nature, known or unknown, that he may have against Medline, its parent, subsidiary and affiliated companies, and in the case of all such entities, their respective past and present officers, directors, employees, agents, predecessors, shareholders, partners, successors, assigns, heirs, executors and administrators (collectively referred to as the "Medline Released Parties") as a result of actions or omissions occurring through the date Bainbridge executes this Release Agreement, subject to the provisions set forth below.  Specifically included in this waiver and release are any and all claims of alleged employment discrimination, any and all claims for unpaid wages or unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., the Ohio Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, et seq., and/or any other federal, state, or local statute, common law, or regulation, including, but not limited to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, <u>et seq</u>. ("ERISA").  Bainbridge understands that this release includes, but is not limited to all claims that were asserted or could have been asserted in the Civil Action, including all collective or class claims.  Bainbridge further understands that this release includes all claims relating to or arising out of the same transaction, series of connected transactions, occurrences or nucleus of operative facts that form the basis of the claims that were or could have been asserted in the Civil Action, and any claims challenging the practices that gave rise to the claims asserted in the Civil Action.  Bainbridge further understands that this release includes all claims that relate to his employment with Medline, including without limitations claims that were asserted or could have been asserted in the Civil Action, including all claims for monetary damages, compensatory damages, punitive damages, front pay, back pay, liquidated damages, penalties, and all forms of injunctive, declaratory or equitable relief, and costs and attorneys' fees, whether arising under any federal, state, local or common laws or regulations.

Medline hereby fully waives, discharges, and releases Bainbridge from any and all claims relating to or arising out of Bainbridge's employment with Medline that Medline may have against Bainbridge and his heirs, executors and administrators as a result of actions or omissions occurring through the date Medline executes this Release Agreement.

2. In consideration for signing this Release Agreement and the fulfillment of the promises herein, Bainbridge understands that within the time period provided in the Class Action Settlement Agreement, Medline will pay him the gross sum of Two Thousand Five Hundred Dollars ($2,500.00). An IRS form 1099-Misc. shall be issued to him reflecting this payment. Bainbridge expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payments described in this paragraph 3, and Bainbridge hereby warrants that the Medline Released Parties shall bear no responsibility for any such tax liabilities.

3. This Release Agreement together with the Class Action Settlement Agreement constitutes the entire agreement between the Parties regarding the subject matter therein. No amendment, modification, change, or alteration of this Release Agreement shall be valid or binding unless signed by Bainbridge and Medline. The Class Action Settlement Agreement cannot be amended, changed, altered, or modified except in accordance with the Class Action Settlement Agreement.

4. Bainbridge acknowledges that no representation, promise or inducement has been made other than as set forth in this Release Agreement and the Class Action Settlement Agreement, and that he enters into this Release Agreement without reliance upon any other representation, promise, or inducement not set forth herein or in the Class Action Settlement Agreement. Bainbridge also acknowledges that he has had the opportunity to consult with an attorney of his choosing concerning this Release Agreement and that he has read and understands this Release Agreement, is fully aware of its legal effect, and has entered into it knowingly and voluntarily.

5. Bainbridge acknowledges and agrees that the payments offered to him under the terms of this Release Agreement and the Class Action Settlement Agreement represent valuable consideration.

6. Each paragraph and clause of this Release Agreement shall be deemed severable from all other provisions, and the invalidity or unenforceability of any provision shall not affect the validity or enforceability of the remaining provisions. In addition, to the extent permitted by applicable law, any invalid or unenforceable provision shall be enforced to the maximum extent permitted by applicable law.

7. The language of all parts of this Release Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. This Release Agreement may be executed by the parties in separate counterparts, with the same effect as if the parties had signed the same document. This Settlement may be executed in counterparts, and may be signed electronically via PDF. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when

taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

8. This Release Agreement shall be binding upon the Parties and their respective heirs, representatives, successors, transferees and assigns.

9. This agreement shall be interpreted in all respects by the internal laws of the State of Ohio without reference to conflicts of laws principles.

10. The settlement reflected in the Class Action Settlement Agreement and this General Settlement and Release Agreement shall not in any way be construed as an admission by the Medline Industries, Inc. Released Parties of any liability or acts of wrongdoing, which liability and responsibility for damages are specifically denied.

I HEREBY ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS RELEASE AGREEMENT AND KNOW AND UNDERSTAND THE CONTENTS AND THAT I EXECUTE THIS RELEASE KNOWINGLY AND VOLUNTARILY:

Dated: Sep 22, 2016      MICHAEL BAINBRIDGE

*Michael Bainbridge*
Michael Bainbridge (Sep 22, 2016)

Dated: 9-20-16      MEDLINE INDUSTRIES, INC.

By: Alex Liberman
Its: General Counsel

3