**[DATE]**

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION
AND FAIRNESS HEARING**

TO: All current and former hourly employees of Defendant who received a wellness program cash payment and who worked more than forty hours in one or more workweeks during which they received such payment between March 10, 2014 and March 6, 2016.

FROM: Judge Benita Y. Pearson, United States District Court for the Northern District of Ohio.

RE: Proposed Settlement in *Michael Bainbridge v. Medline Industries, Inc.*, U.S. District Court, Northern District of Ohio, Case No. 5:16-cv-00555.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **YOU CAN DO NOTHING** | **If you do nothing, you will be eligible to receive a monetary payment under the settlement if it is approved.** You give up your rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| **YOU CAN ASK TO BE EXCLUDED** | If you ask to be excluded, you will not be eligible to receive a payment under the settlement. You may not object. You may sue the Defendant as part of another lawsuit over the claims resolved by this settlement. |
| **YOU CAN OBJECT** | You can write the Court about why you don't agree with the settlement. If you object, you will still be eligible to receive a payment under the settlement if it is approved. |
| **YOU CAN GO TO A HEARING** | If you do not ask to be excluded, you can ask to speak in Court about the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Monetary payments under the settlement will only become available if the Court approves the settlement and the settlement becomes final. Please be patient.

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

**BASIC INFORMATION**

### 1. Why was this Notice issued?
This Notice informs you of the Court's preliminary approval of a proposed settlement of a class action lawsuit, advises you of your rights as a Class Member, and tells you how to receive a share of the settlement funds. Please read this Notice carefully. The proposed settlement affects your legal rights.

### 2. What is this lawsuit about?
The lawsuit was filed against Defendant Medline Industries, Inc. on March 7, 2016 as a collective and class action under the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA"). The Representative Plaintiff is Michael Bainbridge, who has worked for Medline Industries Inc.

The lawsuit alleges that the Medline Industries, Inc. violated the FLSA and OMFWSA failing to pay overtime compensation to Representative Plaintiff and its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment. Medline Industries, Inc. denies these claims and believes it has properly paid its employees.

### 3. Why is this a class action?
In a class action, a person called a "Class Representative" sues on behalf of people who the Court determines have similar claims. All these people are a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

### 4. Why is there a settlement?
The Court did not decide in favor of Plaintiff or Medline Industries, Inc. Instead, both sides agreed to settle this case to avoid the cost, time, and uncertainty of further litigation. The Court has granted preliminary approval of the settlement. The settlement does not mean that any law was broken or that Defendant did anything wrong. Defendant denies all legal claims in this case. The Class Representative and his attorneys think the settlement is best for all Class Members.

**WHO IS IN THE SETTLEMENT**

### 5. How do I know if I am part of the settlement?
All Class Members are part of the settlement. Class Members include all current and former hourly employees of Defendant who received a wellness program cash payment and who worked more than forty hours in one or more workweeks during which they received such payment between March 10, 2014 and March 6, 2016

**WHAT WILL YOU GET AND WHEN, AND WHAT ARE YOU GIVING UP**

### 6. What does the settlement provide?
If final approval of the settlement is granted, the Settlement Payment of $165,000.00, after deductions approved by the Court, will be divided proportionally into Individual Payments for which the Representative Plaintiff and the Class Members will be eligible. Before the deductions, Class Members are recovering approximately 150% of the overtime compensation they were allegedly denied over the two-year limitations period.

The deductions consist of attorneys' fees in the amount of one-third of the total Settlement Payment, actual litigation expenses of approximately $7,952.50, and a Service Award in the amount of $2,500.00 to the Class Representative. The Service Award compensates the Class Representative for discovering the claims and reporting it to Class Counsel, assisting Class Counsel, engaging in telephone calls and email correspondence with Class Counsel, undertaking the responsibilities and burdens of serving as named plaintiff in a lawsuit, and entering into a general release of all claims with Defendant.

**7. How do I get a settlement payment?**
**To participate in the settlement, you are not required to do anything. You are automatically eligible to receive an Individual Payment.** Checks will be mailed to Class Members at the addresses listed in the Company's records. If your address has changed, you must send your name and current mailing address to The Lazzaro Law Firm, LLC, 614 W. Superior Avenue, Suite 920, Cleveland, Ohio 44113. Defendant will withhold from each Individual Payment to Class Members all applicable taxes under federal, state, and/or local laws and will issue IRS W-2 Forms for the Individual Payments.

**8. When will I get my payment?**
Your Individual Payment will be mailed on approximately [INSERT DATE], which means that you will receive it within a week thereafter.

**9. What am I giving up to get a payment or stay in the Class?**
The Settlement Agreement includes the following release of claims:

> Upon the Effective Date, and except as to such rights or claims as may be created by this Settlement Agreement, the Representative Plaintiff, and all Class Members who did not submit timely and effective requests for exclusion fully release and discharge Defendant and all present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all Released Claims as hereafter defined. The "Released Claims" shall consist of all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action (1) asserted in Plaintiff's Amended Complaint and (2) any other claims regarding the alleged failure to include all remuneration paid to employees in their regular rate of pay for purposes of calculating their overtime compensation, including but not limited to claims for unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees, and expenses, pursuant to the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act through the Release Period.

If the Court grants final approval of the settlement, you will be bound by the release of claims, unless you have excluded yourself from the settlement in the manner described below. When claims are "released," that means that you cannot sue the Medline Industries, Inc. for any of the claims that are covered by the release.

THE LAWYERS REPRESENTING YOU

**10. Do I have a lawyer in this case?**
The Court appointed Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC to represent you and other Class Members as "Class Counsel." You do not have to personally pay Class Counsel. You can reach Class Counsel by phone at 216-696-5000 or 330-470-4428. You may call Class Counsel to discuss any questions you may have about this settlement. If you want to be represented by your own lawyer, and have that lawyer appear in court for you in this case, you may hire one at your own expense.

**11. Class Counsel's recommendation.**
Class Counsel strongly recommends the settlement, which offers valuable payments to Class Members without the risk, uncertainty, and delay of continuing with the lawsuit. If the Court grants final approval of the settlement, and if the settlement becomes effective, every Class Member will receive an Individual Payment in the form of a monetary payment as described above. Class Members do not need to take any action to receive their Individual Payments.

3

## IF YOU DO NOTHING

**12. What happens if I do nothing at all?**
If you do nothing, and the settlement is approved by the Court and becomes final, you will receive an Individual Payment in the form of a monetary payment.  If you do nothing, you will also give up rights to sue the Defendant as part of another lawsuit over the claims resolved by this settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**
To exclude yourself from the settlement, you must mail a letter saying you want to be excluded from *Bainbridge v. Medline Industries, Inc*. Be sure to include the case number (No. 5:16-cv-00555), your full name, address, and signature. You must mail your request for exclusion postmarked by _____, 2016 **[30 days from mailing of notices]** to Class Counsel Anthony J. Lazzaro, The Lazzaro Law Firm, LLC, 614 W. Superior Avenue, Suite 920, Cleveland, OH 44113. You can't exclude yourself on the phone, by email, or on Class Counsel's website.

**14. If I do not exclude myself, can I sue the Defendant for the same thing later?**
No. Unless you exclude yourself, you give up the right to sue Defendant for all of the claims that this proposed settlement resolves. You must exclude yourself to start your own lawsuit, continue with a lawsuit, or be part of any other lawsuit relating to the claims in this case.

**15. If I exclude myself, can I get benefits from this settlement?**
No. If you exclude yourself, you will not receive an Individual Payment and you cannot object to the proposed settlement. However, if you ask to be excluded, you may sue, continue to sue, or be part of a different lawsuit against the Defendant in the future. You will not be bound by anything that happens in this lawsuit.

## OBJECTING TO THE SETTLEMENT

**16. How do I tell the Court if I do not like the settlement?**
If you stay in the Class and you do not want the Court to approve the settlement, you must file a written objection within 30 days. You must give reasons why you think the Court should not approve it. To object, send a letter saying that you object to *Bainbridge v. Medline Industries, Inc.*  Be sure to include the case number (No. 5:16-cv-00555), your full name, your address, your signature, the reasons why you object to the settlement, all documents you want the Court to consider and a "Notice of Appearance" if you hired your own lawyer to represent you in this objection. You must mail the objection to each of the three addresses below so that it is postmarked no later than _____, 2016 **[30 days from mailing notices]**.  Late objections will not be considered.  If you either approve of the settlement or choose to exclude yourself, you do not need to object.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of Court<br>Carl B. Stokes U.S. Court House<br>801 West Superior Avenue<br>Cleveland, Ohio 44113 | Anthony J. Lazzaro<br>Chastity L. Christy<br>Lori M. Griffin<br>Hans J. Nilges<br>Shannon M. Draher<br>c/o The Lazzaro Law Firm, LLC<br>614 W. Superior Avenue, Suite 920<br>Cleveland, Ohio 44113 | Edmond J. Mack<br>Lee E. Plakas<br>Gary A. Corroto<br>Tzangas, Plakas, Mannos, Ltd.<br>220 Market Avenue South, Eighth Floor<br>Canton, Ohio 44702 |

**17. What is the difference between objecting and asking to be excluded?**
Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself from this settlement is telling the Court that you don't want to be part of the Class. If you exclude yourself, you cannot object because the case no longer affects you.

### THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and ask to speak, but you are not required to.

**18. When and where will the Court decide whether to approve the settlement?**
The Court has scheduled a Fairness Hearing at _____ on _____ [INSERT DATE AND TIME] at the United States District Court for the Northern District of Ohio, Federal Building-United States Courthouse, 125 Market Street, Youngstown, Ohio. The hearing may be moved to a different date or time without notice, so if you plan to attend, you should call or email Class Counsel for current information. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may listen to people who have asked to speak about an objection (*see* Objecting to the Settlement). At or after the hearing, the Court will decide whether to approve the settlement.

**19. Do I have to come to the hearing?**
No. Class Counsel will answer any questions that the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

**20. May I speak at the hearing?**
Yes. You, or an attorney you hire at your own expense, may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intent to Appear in *Bainbridge v. Medline Industries, Inc.*." Be sure to include your name, address, telephone number, your signature, any documents you will seek to introduce and witnesses who you want to testify at the hearing. Your Notice of Intent to Appear must be postmarked no later than _____, 2016 **[20 days prior to date of fairness hearing]**, and be sent to the Clerk of Court, Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Cleveland, Ohio 44113. You cannot speak at the hearing if you excluded yourself from the Class.

### GETTING MORE INFORMATION

**21. How do I get more information about the settlement?**
This Notice summarizes the proposed settlement. More details about the settlement are in the Settlement Agreement. You can get a copy of the Settlement Agreement by emailing Class Counsel at medline@lazzarolawfirm.com, who will email, fax, or mail a copy of the Settlement Agreement to you upon request.

If you have questions or need further information, please contact class counsel at 216-696-5000 or 330-470-4428.

PLEASE DO NOT CONTACT THE COURT WITH QUESTIONS ABOUT THE SETTLEMENT.