UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAINBRIDGE, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: 5:16-cv-00555 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | **DECLARATION OF CLASS COUNSEL ANTHONY J. LAZZARO** |
| MEDLINE INDUSTRIES, INC. | ) ) ) | **SUPPORTING APPROVAL OF SETTLEMENT AND ATTORNEYS'** |
| Defendant. | ) | **FEES** |

I, Anthony J. Lazzaro, pursuant to 28 U.S.C. § 1746, hereby declare, under penalty of perjury, that the following is true and correct to the best of my personal knowledge, information, and belief:

1. I am one of the attorneys for Plaintiff Michael Bainbridge, Opt-In Party Plaintiffs, and the members of proposed Rule 23 settlement class ("Class Members").

2. Chastity L. Christy and Lori M. Griffin are Associate attorneys with The Lazzaro Law Firm, LLC and have assisted in the representation of the Class Members.

**Anthony J. Lazzaro Professional Experience**

3. I founded The Lazzaro Law Firm, LLC in December 2006 to focus my practice on litigating collective actions, class actions and individual cases for employees with overtime and minimum wage claims.

4. The firm commonly handles claims that include misclassifying employees as exempt or as independent contractors; failing to pay for off-the-clock-work, pre-shift and post-

shift work, changing into and out of uniforms, meal periods, short rest periods and travel time; improper rounding of start and stop times; and improper tip pooling.

5. Since 2007, the firm has recovered over $30 million in settlement payments on behalf of employees.

6. The firm has litigated over 75 certified collective and class actions against major corporations such as 1-800-Flowers, Inc., Aarons, Inc., Aldi, Inc., Forever 21, Nestlé, Papa John's USA, Inc., Progressive Casualty Insurance, and RadioShack Corp.

7. The firm has filed approximately 20% of all of the Fair Labor Standards Act ("FLSA") cases brought in the U.S. District Court for the Northern District of Ohio.

8. In 2016, the firm resolved overtime claims asserted in collective and class actions[1] filed against RadioShack for a general unsecured claim of $41 million.[2]

9. In addition to my practice, I served as an adjunct professor of law at Cleveland-Marshall College of Law where I taught an administrative law course on the Fair Labor Standards Act between 2008 and 2013. I have also been retained as an expert witness and as a mediator in a number of overtime and minimum wage cases.

### Chastity L. Christy Professional Experience

10. Since September 8, 2015, Chastity L. Christy has been employed as an attorney with The Lazzaro Law Firm, LLC, litigating collective actions, class actions and individual cases for employees with overtime and minimum wage claims.

11. Between July 31, 2008 and August 14, 2015, Ms. Christy was employed as an attorney with Caryn Groedel & Associates, Co., LPA, representing employees in employment-related matters, including wage and hour matters.

---

[1] *Sisson v. RadioShack*, Northern District of Ohio, Case No. 1:12-cv-958; *Wills v. RadioShack*, Southern District of New York, Case No. 1:13-cv-02733.
[2] *In re RS Legacy Corporation, et al.*, U.S. Bankruptcy Court, District of Delaware, Case No. 15-10197.

2

12. Between March 2004 and July 29, 2008, Ms. Christy was employed as an Associate, and then a Partner, at Zipkin Whiting Co., LPA, which is a Plaintiff's employment law firm representing employees in employment-related matters.

13. Ms. Christy graduated from Case Western Reserve University School of Law in 2003, and has been licensed to practice law in the State of Ohio since November 2003.

14. Since her admission to the practice of law, she has practiced almost exclusively in litigating on behalf of employees in various employment-related matters. Between March 2004 and the present, she has successfully litigated or assisted in litigating hundreds of employment-related matters in federal, state, and appellate courts, as well as arbitrations, and has recovered millions of dollars in settlement payments on behalf of employees.

## Lori M. Griffin Professional Experience

15. Since January 2016, Lori M. Griffin has been employed as an attorney with The Lazzaro Law Firm, LLC, litigating collective actions, class actions and individual cases for employees with overtime and minimum wage claims.

16. Between October 21, 2013 and December 11, 2015, Ms. Griffin was employed as an attorney with Caryn Groedel & Associates, Co., LPA, representing employees in employment-related matters.

17. Between November 2009 and October 19, 2013, Ms. Griffin was employed as an attorney at Zipkin Whiting Co., LPA.

18. Ms. Griffin graduated from Cleveland-Marshall College of Law in 2009, and has been licensed to practice law in the State of Ohio since November 2009.

19. Since her admission to the practice of law, she has practiced almost exclusively in litigating on behalf of employees in various employment-related matters.

### *Bainbridge v. Medline Industries, Inc.*
### Factual and Procedural Background

20.     On March 7, 2016, Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC filed this Action on behalf of Michael Bainbridge as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03. On May 12, 2016, Representative Plaintiff filed his First Amended Complaint alleging the same causes of action, but narrowing the scope of the alleged violations.

21.     The action contests Defendant's practice and policy of failing to pay overtime compensation to Representative Plaintiff and its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment.

22.     On March 28, 2016, I, as well as Chastity L. Christy and Lori M. Griffin filed our Notices of Appearance of Counsel in the matter.

23.     Class Counsel vigorously represented Representative Plaintiff and the Class Members in this action, conducted a significant investigation of the claims at issue, and obtained a thorough familiarity with the complex factual and legal issues presented in this case.

24.     The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement. Relevant information was exchanged and Class Counsel obtained investigation notes from Representative Plaintiff and numerous other employees who are members of the proposed settlement class, and the legal issues in the case were thoroughly researched by counsel for the Parties. All of aspects of the dispute are well-understood by both sides.

25. Between July and August 2016, the Parties engaged in settlement negotiations, and ultimately reached an agreement on August 19, 2016 to settle the Action on the terms set forth in this Settlement Agreement.

## The Settlement is Fair and Reasonable

26. From my experience litigating this case, and with my experience litigating numerous other wage and hour collective and class actions, I believe the proposed Settlement is in the best interests of Plaintiff and the Class Members.

27. If approved by the Court, the Proposed Settlement will provide substantial payments to Plaintiff and the Class Members for unpaid overtime compensation. The stipulated class consists of 3,566 current and former hourly employees of Defendant who received a wellness program cash payment and who worked more than forty hours in one or more workweeks, during which they received such payment from March 10, 2014 and March 6, 2016.

28. The Gross Settlement Amount is One Hundred Sixty-Five Thousand Dollars ($165,000.00), which will cover all individual payments to Class Members and the Representative Plaintiff, Class Counsels' attorneys' fees and costs, and a Service Award to Representative Plaintiff.

29. The Settlement Agreement provides for attorneys' fees to Class Counsel in the amount of one-third of the Gross Settlement Amount ($55,000.00), and litigation expenses to be approximately $7,952.50. This fee award is reasonable in light of the reasons discussed below.

30. From my experience litigating these cases, and with my experience litigating numerous other wage and hour collective and class actions, I believe that the proposed Settlement is in the best interests of Plaintiff and the Class Members.

31. I also believe that the proposed Settlement is a fair, adequate and reasonable

5

compromise of disputed claims. The Parties continue to disagree over the merits of Plaintiffs' claims.

32. During the two-year limitations period provided under Ohio law (March 10, 2014 to March 6, 2016), Representative Plaintiff and the Class Members were allegedly denied $66,581.24 in overtime compensation.

33. After deductions, Representative Plaintiff and the Class Members will receive $99,547.50. As such, the Proposed Settlement recovers approximately 150% of the overtime compensation Representative Plaintiff and the Class Members were allegedly denied over the two-year limitations period.

34. This Settlement provides immediate and substantial relief without the attendant risks and delay of continued litigation and appeals.

35. The attorneys' fees requested are reasonable in light of the exceptional benefit achieved for Plaintiff and the Class Members. The Class recovered a significant amount in excess of the alleged overtime owed, and the recovery is well above the 7% to 11% average results achieved for class members. Moreover, this Court has approved Class Counsel's one-third fee request when the results achieved for the class members is well above 7% to 11%. *See Rotuna v. W. Customer Mgmt. Group, LLC*, 4:09-CV-1608, 2010 WL 2490989 (N.D. Ohio June 15, 2010) and *Dillworth v. Case Farms*, No. 5:08-CV-1694, 2010 WL 776933 (N.D. Ohio Mar. 8, 2010) (approving settlement with an allocation well above the 7% to 11% average result achieved for the class members).

36. Class Counsel's one-third fee request has been approved in numerous collective and class actions in Ohio. In *Rotuna* and *Dillworth*, this Court approved Class Counsel's one-third fee award and noted that the "percentage of the common fund method has the advantage of

6

establishing reasonable expectations on the part of class counsel 'as to their expected recovery,' and encouraging early settlement before substantial fees and expenses have accumulated." *Id.* at \*7, \*7.

37. Below is a list of over 20 cases in which Class Counsel's one-third fee request has been approved in similar collective and class actions in Ohio. *See, e.g., Terry v. All Hearts Home Health Care,* Northern District of Ohio Case No. 1:16-cv-515; *Houston, et. al. v. Progressive Casualty Insurance Co.,* Northern District of Ohio Case No. 1:15-cv-01853; *Rucker v. Quality Blow Molding,* Northern District of Ohio Case No. 1:15-cv-1039; *Green v. H.A.D., Inc.,* Southern District of Ohio Case No. 2:15-cv-933; *Douglas, et al. v. J&K Subway, Inc.,* Northern District of Ohio Case No. 4:14-cv-2621; *Smith v. CMHA,* Northern District of Ohio Case No. 1:14-cv-1409; *Armbruster v. City of Cleveland,* Northern District of Ohio Case No. 1:13-cv-2626; *Williams v. Beckett Air, Inc.,* Northern District of Ohio Case No. 1:12-cv-2796; *Welch v. Incept Corporation,* Northern District of Ohio Case No. 5:12-cv-1775; *Malaj v. Gohlke,* Northern District of Ohio Case No. 1:11-cv-1578; *Campbell v. Judson Services,* Northern District of Ohio, Case No. 1:11-cv-906; *Murphy v. 1-800-Flowers,* Northern District of Ohio, Case No. 1:10-cv-1822; *Miller v. National Enterprise Systems,* Northern District of Ohio, Case No. 1:10-cv-1664; *Osolin v. Turocy & Watson LLP, et al,* Northern District of Ohio, Case No. 1:09-cv-2935; *Kelly v. National Enterprise Systems,* Northern District of Ohio, Case No. 1:09-cv-2268; *McNelley v. Aldi,* Northern District of Ohio, Case No. 1:09-cv-1868; *Rotuna v. West Customer Management Group,* Northern District of Ohio, Case No. 4:09-cv-1608; *Jackson v. Papa John's,* Northern District of Ohio, Case No. 1:08-cv-2791; *Dillworth v. Case Farms,* Northern District of Ohio, Case No. 5:08-cv-1694; *Fincham v. Nestlé Prepared Foods Company,*

7

Northern District of Ohio, Case No. 1:08-cv-73; and *McGhee v. Allied Waste Industries,* Northern District of Ohio, Case No. 1:07-cv-1110.

38. The services rendered to Plaintiffs and the Class Members reflect the significant experience Class Counsel has with litigating collective and class actions, as discussed above.

39. Finally, had this case not settled, Class Counsel would have vigorously litigated the case without any promise of success and compensation. At every step of the litigation, Defendant could have succeeded. Therefore, the Class Members were at great risk for non-payment. This risk of non-payment also supports the attorneys' fees requested. *See Rotuna* and *Dillworth* at *8, *8 ("The contingent nature of the fee agreement also meant that counsel bore the risk of receiving no fee in the event that a less than favorable result was achieved.")

40. Class Counsel's litigation expenses are expected to be approximately $7,952.50. All of the expenses were incurred, or will reasonably be incurred during the administration of the settlement, including the issuance of notice, and in the course of the litigation of this action for the purpose of preserving, proving, and presenting the claims of Plaintiff and the Class Members.

41. The Settlement provides for a Service Award to Michael Bainbridge in the amount of Two Thousand Five Hundred Dollars ($2,500.00) in recognition for his service as Class Representatives in this action, and in exchange for signing a general mutual release of all claims. This amount is reasonable in light of the time and effort expended by him during the prosecution of the case, and because subjected himself to the responsibilities of serving as named Plaintiff in a lawsuit against his former.

*Anthony J. Lazzaro*
Anthony J. Lazzaro (Sep 22, 2016)

Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005
anthony@lazzarolawfirm.com
Class Counsel

Dated: Sep 22, 2016