PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAINBRIDGE, On behalf of himself and all others similarly situated, *et al.* | ) ) ) | CASE NO.: 5:16CV00555 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| | ) | **PRELIMINARY ORDER** |
| MEDLINE INDUSTRIES, INC. | ) | **APPROVING CLASS ACTION** |
| | ) | **SETTLEMENT AGREEMENT AND** |
| Defendant. | ) | **NOTICE [Resolving ECF No. 22]** |

Plaintiff Michael Bainbridge ("Representative Plaintiff") and Defendant Medline Industries, Inc. ("Defendant") have moved the Court to approve, as fair and reasonable, a Class Action Settlement Agreement ("Settlement Agreement") between Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having considered the Settlement Agreement (ECF No. 22-1), as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement ("Motion for Preliminary Approval") (ECF No. 22), the Declaration of Anthony J. Lazzaro (ECF No. 22-7), and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Preliminary Order granting preliminary approval, and approving notice to class members, as follows:

1.	Unless otherwise defined, all terms used in this Preliminary Order have the same meanings as defined in the Settlement Agreement.

5:16CV00555

2.      On March 7, 2016, Representative Plaintiff Michael Bainbridge filed this Action

as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as

well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage

Standards Act ("OMFWSA"), O.R.C. § 4111.03.  ECF. No. 1.  On May 12, 2016, Representative

Plaintiff filed his First Amended Complaint alleging the same causes of action, but narrowing the

scope of the alleged violations.  ECF No. 14.

3.      Between May and August 2016, the Parties engaged in informal yet

comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims.

Between July and August 2016, the Parties engaged in settlement negotiations, and ultimately

reached an agreement on August 19, 2016 to settle the Action on the terms set forth in the

Settlement Agreement.

4.      The Parties' Motion for Preliminary Approval was filed on September 23, 2016.

ECF No. 22.

5.      The Settlement Agreement proposes to settle claims of Representative Plaintiff

and the proposed Class.  The proposed class settlement is subject to approval by the Court

pursuant to Fed. R. Civ. P. 23(e).

6.      As to Representative Plaintiff and the Class, the Court preliminarily concludes,

based on the information submitted to date, that each of the provisions of Fed. R. Civ. P. 23 has

been satisfied, and that the Action can properly be maintained as a class action for settlement

purposes according to the provisions of Fed. R. Civ. P. 23(a) and (b)(3), and the proposed

settlement qualifies for preliminary approval under Rule 23(e).  Specifically, the Court finds that:

(a) the proposed settlement class satisfies Rule 23(a)'s requirements of commonality,

5:16CV00555

numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority; (b) Representative Plaintiff Michael Bainbridge is an adequate representative of the Class in that he is a member of that class and possesses the same interests and suffered the same alleged injuries as the class's other members; (c) the definition of the Class encompasses persons with like factual circumstances and like claims; and, (d) the settlement payments made available to the members of the Class are commensurate with their claims.

7.      Solely for purposes of the proposed settlement, the Court provisionally certifies the Class, as defined in ¶ 4 of the Settlement Agreement, pursuant to Rule 23(a) and (b)(3). Accordingly, the Court preliminarily certifies a class that includes approximately 3,566 current and former hourly employees of Defendant who received a wellness program cash payment, and who worked more than forty hours in one or more workweeks, during which they received such payment between March 10, 2014 and March 6, 2016.

8.      The Court find there is sufficient basis to conclude preliminarily that the proposed settlement is fair, reasonable and adequate to the class.  In approving the proposed settlement, among other things, the Court has considered: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. The Court concludes that these factors support approval. Specifically, the Court finds that: (a) the issues in this case were contested; and (b) a Settlement Agreement was achieved after arms-length and

- 3 -

5:16CV00555

good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

9.      The Court approves Representative Plaintiff Michael Bainbridge as Class Representative of the Class, and appoints as class counsel Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC.

10.      The Court provisionally approves the Service Award to Representative Plaintiff in recognition of his service in this Action.

11.      The Court provisionally approves the payment of attorneys' fees and expenses to Class Counsel as provided in the Settlement Agreement.

12.      The Court directs that the members of the class be given notice of the pendency of this Action, the proposed settlement, and the date of a hearing ("the Fairness Hearing") at which final approval of the proposed settlement may be considered.  The proposed Notice attached as Exhibit D to the Settlement Agreement is approved as to substance, form, and manner of distribution.

13.      The Fairness Hearing before Judge Benita Y. Pearson shall be held no earlier than 79 days from the entry of this Order in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio 44503.

14.      Class Members requesting exclusion from the Class and/or objecting to the Class or the settlement must timely request exclusion and/or file objections in the time and the manner set forth in the form of Notice attached as Exhibit D to the Settlement Agreement.  Specifically,

5:16CV00555

Class Members must take such steps by not later than thirty (30) days after the initial mailing of Notice.

15.     The Court approves the proposed Class Notice and orders that it be distributed to the members of the class in the manner described in the Settlement Agreement.

16.     Prior to the Fairness Hearing, Class Counsel shall file with the Court a Declaration verifying that the Class Notice was distributed to the members of the class in the form and manner approved herein.

17.     The Parties shall file papers in support of Final Approval of the Settlement Agreement no later than fifteen (15) days after the deadline for Class Members to opt-out of the Settlement and/or object to the Settlement.

18.     The Court orders that, pending Final Approval, each Class Member is preliminarily enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with this Settlement Agreement.

19.     The Court may, for good cause shown, extend any of the deadlines set forth in this Order or adjourn the date for the Fairness Hearing without further notice to members of the Class.

20.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or connected with, the Settled Claims.

5:16CV00555

21.    This matter is set for Fairness Hearing before Judge Benita Y. Pearson on [insert date approx. 79 days after this order is issued], 2017 at [insert time a.m./p.m.] in Courtroom 351, Thomas D. Lambros United States Court House, 125 Market Street, Youngstown, Ohio 44503.

IT IS SO ORDERED.

_____
Date

_____
Benita Y. Pearson
United States District Judge