UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAINBRIDGE, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO.: 5:16-cv-00555 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| MEDLINE INDUSTRIES, INC. | ) ) | |
| Defendant. | ) ) | |

**I.      INTRODUCTION**

Plaintiff Michael Bainbridge ("Representative Plaintiff, "Class Representative"), on behalf of himself and the members of proposed settlement Class ("Class Members"), and the Medline Industries, Inc. ("Defendant"), respectfully move this Court to finally approve the Class Action Settlement Agreement ("Settlement Agreement") between Representative Plaintiff and Defendant.

On September 23, 2016, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement.  (See ECF No. 22.)

On November 21, 2016, this Court issued an Order requesting further edits to the Preliminary Order Approving Class Settlement Agreement and the Class Notice.  (ECF No. 23.)

On November 22, 2016, the parties filed as a supplement the edited Preliminary Order Approving Class Settlement Agreement and the Class Notice.  (ECF No. 24 and 24-1.)

On November 28, 2016, this Court entered an Order preliminarily approving the settlement in this action.  (ECF No. 25.)  The Order also conditionally certified the settlement class, approved the content of the Class Notice and the procedure for distributing the Class Notice, and scheduled the Fairness Hearing for February 22, 2017 at 3:30 p.m.  (ECF No. 25.)

1

The settlement administration procedures ordered by the Court have now been completed, as summarized in attached Declaration of Anthony J. Lazzaro. The Class Notice has been distributed and all deadlines for Class Members to submit requests for exclusion and/or objections to the settlement have passed. (Exhibit 1, Lazzaro Decl., ¶ 7.) No objections were received and only 14 class members opted out of the settlement. (*Id.* at ¶ 9-10.)

## II.     SUMMARY OF NOTICE PROCESS

A summary of the litigation, the terms of the Settlement Agreement, and fairness and adequacy of the settlement are set forth in the parties' Joint Motion for Preliminary Approval and related declarations, which the parties incorporate by reference. (*See* ECF No. 22.)

On November 30, 2016, in accord with the Preliminary Approval Order (ECF No. 25), Defense Counsel provided Class Counsel with the last known addresses of the Class Members. (Lazzaro Decl., ¶ 5.) Class Counsel performed updated the addresses using the National Change of Address Database prior to mailing the notice. (*Id.* at ¶ 6.) On December 12, 2016, Class Counsel mailed the Class Notice to the 3566 Class Members, in the form approved by the Court. (*Id.* at ¶ 7.) Class Counsel received 171 returned notices and re-mailed seven (7) of them. (*Id.* at ¶ 8.) In the end, 164 notices out of 3566 had bad addresses and were undeliverable. (*Id.*)

The Class Notice explained that class members had until January 11, 2017 to request exclusion from or object to the settlement. Class Counsel received no objections and 14 requests to be excluded from the settlement. (*Id.* at ¶ 9-10.)

## III.     CALCULATION OF INDIVIDUAL PAYMENTS

Class Counsel also calculated the proposed schedule of individual payments. (*See* Exhibit 2.) The attached spreadsheet lists the individual payments to Representative Plaintiff and the Class Members, calculated according to the method described in the Parties' Class Action

2

Settlement Agreement. After deduction of the Service Award to the Representative Plaintiff, attorneys' fees and expense reimbursements to Plaintiffs' Counsel, the Settlement Payment was divided into Individual Payments, calculated proportionally on each Class Member's overtime damages resulting from Defendant's failure to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment, during the Calculation Period. The Parties respectfully request that this proposed Schedule of Individual Payments be approved by the Court.

## IV. ARGUMENT

### A. The Court Should Grant The Parties' Request For Final Approval Of The Settlement, Including The Service Award, Attorneys' Fees, And Litigation Costs

#### 1. Standard for Final Approval of a Class Settlement

Federal Rule of Civil Procedure 23 provides that the claims of a certified class "may be settled" "only with the court's approval." Fed. R. Civ. P. 23(e). Three steps must be taken by the court in order to approve a class action settlement under Rule 23 and the Fair Labor Standards Act: "(1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must" determine whether the settlement is fair, reasonable, and adequate. *Brotherton v. Cleveland*, 141 F. Supp. 2d 894, 903 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)).

Courts in the Sixth Circuit consider the following seven factors in assessing whether a class action settlement is fair, reasonable, and adequate: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the [action]; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and [the] class representatives; (6) the reaction of absent class members; and (7) the public interest."

3

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007); *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir. 1992); *Vukovich*, 720 F.2d at 922-23.  "The law generally favors and encourages the settlement of class actions" and after the court preliminarily approves such a settlement, it is considered to be presumptively reasonable.  *See Reed v. Rhodes,* 869 F. Supp. 1274, 1279 (N.D. Ohio 1994) (citing *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981)); *Vukovich*, 720 F.2d at 921 (citations omitted).

  **2.**  <u>**Application of Relevant Criteria**</u>

    **a)**  **Risk of fraud or collusion**

The courts "presume the absence of fraud or collusion" in class settlements unless there is evidence to the contrary.  *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *In re Art Materials Antitrust Litig.,* 100 F.R.D. 367, 371 (N.D. Ohio 1983).  Here, settlement negotiations were initiated only after the parties investigated their claims and defenses, researched the legal issues, engaged in document discovery, and analyzed payroll data. (*See* ECF No. 22-7, ¶¶ 23-24.)  The parties ultimately reached agreement assisted by attorneys with extensive experience litigating wage-hour class claims.  (*See Id.*, ¶ 38.)

Both sides acknowledged the risks each faced on the merits and class issue, and decided that settlement eliminated these risks, benefited the class and avoided further time and expense. Since the parties were fully informed, engaged in arms-length negotiations, and were aided by experienced counsel, their agreement is free from fraud and collusion.  (*See* ECF No. 22-7, ¶¶ 24, 30-31, 38); *Leonhardt*, 581 F. Supp. 2d at 838.

    **b)**  **The complexity, expense, and likely duration of the litigation favor settlement**

The policy favoring the settlement of class actions and other complex cases applies with particular force here.  Employment cases in general, and wage-and-hour cases in particular, are

expensive and time-consuming. Moreover, the Parties continue to disagree over the merits of Plaintiffs' claims in many different respects. For example, at the outset, the Parties disagree as to whether Defendant's alleged conduct violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 or the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03. The parties further disagree as to whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applied. Defendant further asserts that, even if Plaintiffs succeed on the merits, Plaintiffs cannot prove a willful violation of the law, and thus, no wages would be owed for the 3rd year of the three-year limitations period. These examples are in addition to many other issues disputed between the Parties relating to Plaintiffs' claims.

The expense and delay plaintiffs would incur if they pursued their claims through trial and appeal must be balanced against the recovery provided by the settlement. *See Dick v. Sprint Commc'ns Co.*, 297 F.R.D. 283, 295 (W.D. Ky. 2014). Without settlement, the parties would likely engage in further discovery and briefing on class certification and summary judgment. Trial would involve extensive testimony from numerous witnesses. And any final judgment would likely be appealed, thereby extending the duration of the litigation.

If forced to litigate this case further, the Parties would certainly engage in complex, costly and protracted wrangling. The settlement, on the other hand, provides substantial relief to Representative Plaintiff and the Class Members promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. Settlement now avoids further expense and delay and guarantees a recovery of approximately 150% of the overtime compensation Representative Plaintiff and the Class Members were allegedly denied over the two-year limitations period. (*See* ECF No. 22-7, ¶ 33.) Therefore, the risks and potential

expense of further litigation weigh in favor of final approval, consistent with the established policy preferring settlement over further time-consuming litigation.

### c) The amount of discovery engaged in by the parties

The Parties engaged in substantial investigation prior to negotiating the Settlement Agreement.  (*See* ECF No. 22-7, ¶¶ 23, 24.) Relevant information was exchanged including a complete analysis of each Class Member's alleged overtime damages resulting from Plaintiff's allegations that Defendant failed to pay overtime compensation to Representative Plaintiff and its hourly employees at one and one-half times their "regular rate," and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment. (*Id.* at ¶ 21.)  In addition, Class Counsel obtained investigation notes from Representative Plaintiff and numerous other employees who are members of the proposed settlement class, and the legal issues in the case were thoroughly researched by counsel for the Parties.  (*Id.* at ¶ 24.)  Therefore, the issues in this action were thoroughly researched by both sides and all aspects of the dispute are well-understood by the parties. *Levell v. Monsanto Research Corp.*, 191 F.R.D. 543, 556-57 (S.D. Ohio 2000).

### d) The likelihood of success on the merits

"The likelihood of success . . . provides a gauge from which the benefits of the settlement must be measured." *In re Gen. Tire & Rubber Co. Sec. Litig.*, 726 F.2d 1075, 1086 (6th Cir. 1984).  Given the factual and legal complexity of this matter, it is difficult to assess plaintiffs' likelihood of success at trial.  Plaintiffs' claims are based on disputed issues of fact and law and plaintiffs' success at trial is far from guaranteed.  In sum, although Plaintiffs assert that the class claims are meritorious, the action certainly is not without risk.  This factor thus weighs in favor of final approval.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises affirmative defenses to Plaintiffs' claims, and the outcome of those defenses is uncertain as well. Continued litigation would be risky for all.

Plaintiffs' range of possible recovery is also open to dispute. Even if Plaintiffs succeed on the merits of their claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree.

e) **Class counsel and class representatives favor settlement.**

The endorsement of experienced class counsel "is entitled to significant weight, and supports the fairness of the class settlement." *UAW v. Ford Motor Co.*, No. 07-CV-14845, 2008 WL 4104329, at *26 (E.D. Mich. Aug. 29, 2008). Here, class counsel believes the settlement is fair, reasonable, and adequate. (*See* ECF No. 22-7, ¶ 31.) Class counsel has experience in wage and hour class actions, has acted in good faith, and has vigorously represented their clients in negotiating the settlement. Representative Plaintiff has been fully informed and involved in the settlement process and has reviewed and signed the Agreement. (*See* ECF No. 22-3.) *Thacker v. Chesapeake Appalachia, L.L.C.*, 695 F. Supp. 2d 521, 533 (E.D. Ky. 2010), *aff'd sub nom*. *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235 (6th Cir. 2011).

f) **The reaction of absent class members**

The absence of class member objection indicates that the class supports the settlement. *Connectivity Sys. Inc. v. Nat'l City Bank*, No. 2:08-cv-1119, 2011 WL 292008, at *6 (S.D. Ohio Jan. 26, 2011); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 498-99 (E.D. Mich. 2008) (small number of opt-out requests indicative of the adequacy of the settlement).

Here, notice of the proposed settlement was sent to class members in accord with the Court's Preliminary Approval Order. (Lazzaro Decl. ¶¶ 5-9.) Class members were informed of their right to object to or opt out of the settlement and they were provided 30 days to do so. No objections were received and only 14 class members requested to be excluded. (*Id.* ¶ 9-10.) These facts all indicate approval of the settlement by the entire class. Accordingly, this factor favors final approval of the settlement.

### g) Settlement is in the public interest

"[T]he law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). The settlement ends complex litigation that has been pending for nearly a year and provides substantial relief to class members and avoids protracted, costly litigation. *See Brotherton*, 141 F. Supp. 2d at 905-06. The terms of the settlement are equitable and provide a reasonable resolution of the action. The Class Members will receive approximately 150% of the overtime compensation they were allegedly denied over the two-year limitations period. (*See* ECF No. 22-7, ¶ 33.)

## V. CONCLUSION

For the above reasons, and for the reasons stated in the Parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 22), the proposed settlement should be finally approved by the Court, including the enhancement payments, attorney's fees, and litigation costs. The Parties submit an updated version of the agreed Final Order and Judgment Entry, incorporating the above events. (See Exhibit 3.) The settlement is fair, reasonable, and adequate and provides Class Members a substantial benefit, given the meaningful risks and substantial expense associated with continued litigation.

| | |
|---|---|
| /s/ Chastity L. Christy | /s/ Edmond J. Mack |
| Chastity L. Christy (0076977) | Edmond J. Mack (0082906) |
| Anthony J. Lazzaro (0077962) | Lee E. Plakas (0008628) |
| Lori M. Griffin (0085241) | Gary A. Corroto (055270) |
| The Lazzaro Law Firm, LLC | Tzangas, Plakas, Mannos, Ltd. |
| 920 Rockefeller Building | 220 Market Avenue South, Eighth Floor |
| 614 W. Superior Avenue | Canton, Ohio 44702 |
| Cleveland, Ohio 44113 | Telephone:  330-455-6112 |
| Phone: 216-696-5000 | Facsimile:  330-455-2108 |
| Facsimile: 216-696-7005 | emack@lawlion.com |
| chastity@lazzarolawfirm.com | gcorroto@lawlion.com |
| anthony@lazzarolawfirm.com | |
| lori@lazzarolawfirm.com | Counsel for Defendant |

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
NILGES DRAHER LLC
4580 Stephen Circle, N.W.
Suite 201
Canton, Ohio 44718
Telephone:  330-470-4428
Facsimile:  330-754-1430
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

Class Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2017, a copy of the foregoing *Joint Motion For Final Approval Of Class Action Settlement* was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's system.

  /s/ Chastity L. Christy
Attorney for Plaintiff