UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAINBRIDGE, on behalf of himself and all others similarly situated, | ) ) ) ) | CASE NO.: 5:16-cv-00555 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | |
| vs. | ) ) | **FINAL ORDER AND JUDGMENT ENTRY** |
| MEDLINE INDUSTRIES, INC. | ) ) | |
| Defendant. | ) | |

Plaintiff Michael Bainbridge ("Representative Plaintiff") and Defendant Medline Industries, Inc. ("Defendant") have moved the Court to approve, as fair and reasonable, a Class Action Settlement Agreement ("Settlement Agreement") between Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Having considered the Settlement Agreement (ECF No. 22-1), as well as the Parties' Joint Motion for Preliminary Approval of Class Action Settlement Agreement ("Motion for Preliminary Approval") (ECF No. 22), Joint Motion for Final Approval (ECF No. 27), the Declarations of Anthony J. Lazzaro (ECF Nos. 22-7 and 27-1), the comments of counsel, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this Final Order and Judgment Entry ("Final Order") and hereby ORDERS, ADJUDGES AND DECREES as follows:

1.      Unless otherwise defined, all terms used in this Final Order have the same meanings as defined in the Settlement Agreement (ECF No. 22-1).

2.      On March 7, 2016, Representative Plaintiff Michael Bainbridge filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 under the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.03.  (ECF. No. 1.)  On May 12, 2016, Representative Plaintiff filed his First Amended Complaint alleging the same causes of action, but narrowing the scope of the alleged violations.  (ECF No. 14.)

3.      Between May and August 2016, the Parties engaged in informal yet comprehensive discovery regarding Plaintiffs' claims and Defendant's defenses to such claims. Between July and August 2016, the Parties engaged in settlement negotiations, and ultimately reached an agreement on August 19, 2016 to settle the Action on the terms set forth in the Settlement Agreement.

4.      The Parties' Motion for Preliminary Approval was filed on September 23, 2016. (ECF No. 22).

5.      The Settlement Agreement (ECF No. 22-1) proposes to settle claims of Representative Plaintiff and the proposed Class.  The proposed class settlement is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e).

6.      On November 21, 2016, this Court issued an Order requesting further edits to the Preliminary Order Approving Class Settlement Agreement and the Notice.  (ECF No. 23.)

7.      On November 22, 2016, the parties filed as a supplement the edited Preliminary Order Approving Class Settlement Agreement and the Notice.  (ECF No. 24 and 24-1.)

8.      On November 28, 2016, the Court entered a Preliminary Order provisionally certifying the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3), granting preliminary approval of the Settlement Agreement Class pursuant to Rule Fed. R. Civ. P. 23(e), and approving the form,

content, and method of distribution of notices to class members of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing ("Class Notice").  (ECF No. 25.) The Court provisionally approved Representative Plaintiff Michael Bainbridge as class representative of the Class, and his Service Award, and appointed as class counsel Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC and Hans A. Nilges and Shannon M. Draher of Nilges Draher LLC, and the payment of attorneys' fees to Plaintiffs' Counsel. (ECF No. 25.)

9.      On January 26, 2017, the Parties filed their Joint Motion for Final Approval of Class Action Settlement (ECF No. 27.)

10.     Class Counsel has filed with the Court a Declaration verifying that the Class Notice was distributed to the members of the Class in the form and manner approved by the Court. (ECF No. 27-1.)

11.     On February 22, 2017, this Court conducted a Fairness Hearing to consider the Joint Motion for Final Approval of Class Action Settlement (ECF No. 27) filed by the Parties in this action.  Counsel for both sides appeared at the hearing.

12.     The Court finds that the members of the Class were given notice of the pendency of this Action, the proposed settlement, and the date of the Fairness Hearing as ordered by the Court.  The Court further finds that the notice was reasonable and the best notice practicable, and satisfied all of the requirements of Civ. R. 23 and due process.

13.     As to Representative Plaintiff and the Class, the Court finds that each of the provisions of Fed. R. Civ. P. 23 has been satisfied, and that the Action can properly be maintained as a class action for settlement purposes according to the provisions of Fed. R. Civ. P. 23(a) and (b)(3), and the proposed settlement qualifies for preliminary approval under Rule

23(e).  Specifically, the Court finds that: (a) the proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority; (b) Representative Plaintiff Michael Bainbridge is an adequate representative of the Class in that he is a member of that class and possesses the same interests and suffered the same alleged injuries as the class's other members; (c) the definition of the Class encompasses persons with like factual circumstances and like claims; and, (d) the settlement payments made available to the members of the Class are commensurate with their claims.

14.     Solely for purposes of the proposed settlement, the Court certifies the Class, as defined in ¶ 4 of the Settlement Agreement, pursuant to Rule 23(a) and (b)(3).  Accordingly, the Court certifies a class that includes approximately 3,566 current and former hourly employees of Defendant who received a wellness program cash payment, and who worked more than forty hours in one or more workweeks, during which they received such payment between March 10, 2014 and March 6, 2016.

15.     The issues in this case were contested and liability was disputed.  A Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

16.     The Court find there is sufficient basis to conclude that the proposed settlement is fair, reasonable and adequate to the class.  In approving the proposed settlement, among other things, the Court has considered: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. The Court concludes that

- 4 -

these factors support approval. Specifically, the Court finds that: (a) the issues in this case were contested; and (b) a Settlement Agreement was achieved after arms-length and good faith negotiations between the Parties and their counsel, who have extensive experience litigating FLSA and OMFWSA claims.

17.     The Court approves the Settlement Agreement (ECF No. 22-1) and orders that it be implemented according to its terms and conditions and as directed herein.

18.     The Court approves the method of calculation and proposed distribution of settlement payments. The total Settlement Payment, after deduction of the Service Award to Representative Plaintiff, attorneys' fees, and litigation reimbursements to Plaintiff's Counsel, is to be distributed to the Representative Plaintiff and members of the Class, in Individual Payments, which are calculated proportionally on each Class Member's overtime damages resulting from Defendant's failure to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," such as the wellness program cash payment during the Calculation Period. The Parties have submitted the proposed Schedule of Individual Payments to the Court for approval. The Court approves the Schedule of Individual Payments and orders that such payments be distributed in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

19.     The Court approves the Service Award to Representative Plaintiff in recognition of his service in this Action, and orders that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

20.     The Court approves the payment of attorneys' fees as provided in the Settlement Agreement and the reimbursement of expenses to Class Counsel in the amount set forth in Class

Counsel's supplemental submission of litigation expenses, and orders that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

21.     The Court orders that, pursuant to the Settlement Agreement, all Class Members who did not submit timely and effective requests for exclusion have fully released and discharged Defendant and all Defendant's present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns from any and all of the claims released by said Class Members under the Settlement Agreement.

22.     The Court orders that, pursuant to the separate Settlement and Release Agreement entered into between Representative Plaintiff and Defendant, Representative Plaintiff has fully released and discharged Defendant and all Defendant's present and former parent companies, subsidiaries, related entities, shareholders, officers, directors, employees, agents, affiliates, representatives, attorneys, insurers, successors, and assigns, from any and all of the claims released by Representative Plaintiff under the separate Settlement and Release Agreement.

23.     The Court further orders that, pursuant to the Settlement Agreement, neither the fact of the Settlement Agreement nor any of its parts, nor the consummation of the Settlement Agreement, nor any Order approving the Settlement Agreement, shall be construed as an admission of wrongdoing, liability, culpability, and/or negligence on the part of Defendant or that any fact or allegation asserted by any party to the litigation relating to such wrongdoing, liability, culpability, and/or negligence was true.

24.     The Court DISMISSES THIS ACTION WITH PREJUDICE.

25.     The Parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement.

26.     The Court retains jurisdiction over this Action for the purpose of enforcing the Settlement Agreement.

27.     There being no just reason to delay entry of this Final Order, the Court orders the Clerk of the Court to enter this Final Order immediately.

IT IS SO ORDERED.

_____
Date

_____
Benita Y. Pearson
United States District Judge